IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRYL BERNARD WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:03-cv-01928-JKS-GGH-P |
| | ) | |
| vs. | ) | |
| | ) | |
| D. L. RUNNELS, et al., | ) | DECISION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This Court has jurisdiction. 28 U.S.C. §§ 1331 and 1343. The matter was referred to the Honorable Gregory G. Hollows, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On February 23, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Neither party filed objections to the findings and recommendations. The case is therefore ripe for decision.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and local Rule 72-304, this Court has conducted a de novo review of the record and exercised its independent judgment.

    While Watts has raised a number of Constitutional challenges, the gravamen of his claim is that he is an Afro-American prisoner in close custody at a California State maximum security

1

Prison for the most serious offenders and in response to prisoner assaults or threatened prisoner assaults or disruptions by Afro-Americans on correctional officers, the prison administration has made disciplinary decisions adverse to Watts based upon his race and not upon an individual determination that he personally was deserving of discipline or presented a risk to the welfare of the institution. Watts' claim is that he is being denied the equal protection of the laws, based upon a racial classification, in violation of the Fourteenth Amendment to the United States Constitution.

The Defendants have moved for summary judgment. Docket No. 47. The Magistrate Judge recommends that the motion be granted because Watts has not complied with Federal Rule of Civil Procedure 56 in opposing the motion by setting out facts in a form permitted by the rule challenging the factual assertions of the Defendants. *See* Findings and Recommendations at Docket No. 56. This is problematical. Ignoring Watts' opposition and looking only to the Defendants' presentation, it is clear that prison authorities admit that at least provisionally, when faced with prison disturbances, they may classify inmates by race in responding to the disturbance.[1] They attempt to justify this response by reference to the safety and security concerns at maximum control prisons and the fact that inmate gangs divide along racial lines. *Johnson v. California*, 543 U.S. 499 (2005), holds that once it is conceded that there is an express or implied policy of classifying prisoners by race, the policy must be subjected to strict

---

[1] Defendants also explain their response to prison disturbances on the basis of classifying by gang membership or affiliation. Such a classification is not suspect. The problem is that on the existing record Defendants seem to concede that they do classify, on some occasions, based solely upon race until such time as an investigation is complete and more individualized attention may be given to inmates. It is this implied concession which raises a red flag under *Johnson*.

scrutiny and the prison officials, not the inmate, bear the burden of demonstrating that the suspect classification is the least restrictive alternative for accomplishing legitimate ends.  Since the burden is on the Defendants to justify their policy, not on Watts to invalidate it, the Court cannot rely upon Watts' failure to present a defense in conformity with Rule 56.  Rather the Court must look at the defendants' presentation in order to determine whether they have demonstrated that there are no material facts in dispute and they are entitled to judgment as a matter of law;  that is that  reasonable men and women could not differ regarding the necessity of a racial classification in order to meet prison disruption and whether using race as a classifier, even temporarily, is the least restrictive alternative to meet the prison's legitimate safety and security concerns, i.e. that any race-based policies are narrowly tailored to legitimate prison goals.  The instant record would not permit such a determination.  It is for this reason, that on a similar record, Judge Damrell of this Court denied prison officials summary judgment.  *See Tatum v. Pliler,* et al., No. CIV S-03-0324 ( E.D.  September 25, 2007) Order at Docket No. 71 adopting *Tatum v. Pliler,* 2007 WL 1720165 ( E.D. Cal. June 11, 2007).   Thus if the Court is to apply *Johnson v. California*, 543 U.S. 499 (2005), as it must, the Court cannot say that the Defendants are entitled to summary judgment as a matter of law on the issue whether the implicit policy governing the lock downs of which Watts complains violated the Fourteenth Amendment.[2]

---

[2]If the Court were not disposing of this case on other grounds, it would have to give some guidance as to what the state must do to survive strict scrutiny.  A review of the various opinions in *Johnson* leaves some doubt.  It is possible that the state would have to bring in experts who had studied the federal prison system and the prison systems in other states to determine whether others have avoided racial classifications in responding to gang and other violence in maximum security institutions.  In other words, are there prisons housing maximum security inmates, many of whom belong to prison gangs, who do not lock down all Afro-Americans, even temporarily,

That does not end the discussion, however.  Having determined that Watts has made a prima facie case that his right to equal protection has been violated, the Court must proceed to a consideration of qualified immunity.  *See Saucier v. Katz*, 533 U.S. 194 (2001).[3]  The defense of qualified immunity which is argued by the Defendants requires the Court to enter judgment in favor of a government employee unless the employee's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800 (1982).  All of the decisions of the Defendants of which Watts complains occurred between 2002 and 2004 prior to the decision in *Johnson*.  True it has been the case for many years that racial classifications were suspect, but in 2003 when most of the incidents occurred it was unclear how to apply that general rule to the specific circumstance of maintaining order in maximum security prisons.  In *Johnson* the Supreme Court seemed to agree that under then prevailing law expressed in *Turner v. Safley*, 482 U.S. 78 (1987)--the law the Ninth Circuit found to be controlling--the racial classification challenged in *Johnson* would pass muster.  In fact, the court did not invalidate the California procedures outright, it remanded to

---

when some Afro-Americans engage in disruptive and violent behavior. What does seem clear is that the state cannot satisfy its burden by anecdotal evidence and the experienced based opinions of the Defendants themselves.  We need not pursue this issue further in this case.

[3] *Saucier* precludes a court from jumping directly to qualified immunity without first addressing whether a constitutional violation has occurred.  This decision has drawn criticism both on and off the court.  *See, e.g,. Morse v. Frederick*, ___ U.S. ___, 127 S.Ct. 2618, 2638-2643 (2007), Breyer, J., concurring and dissenting.  Here, however, the Court has found a prima facie case of Fourteenth Amendment violation.  Were the case to progress, the state would have the same burden imposed by *Johnson* to survive strict scrutiny and justify each of the lock downs as narrowly tailored to preserve the peace and prevent violence.  It is possible that the state's showing might require a jury trial.  It seems that at this point, the *Saucier* requirement that the constitutional violation be first addressed is satisfied and where, as here, qualified immunity is clear the Court may decide the case on that basis.

give California the opportunity to demonstrate that its policy survived strict scrutiny and was narrowly tailored and justified in some prison contexts. *Id. Johnson*, 543 U.S. at 515. *See* Comment: Constitutional Law–Equal Protection of Law: Strict Scrutiny Applies to all Racially Segregated Citizens, Free and Confined Johnson v. California, 543 U.S. 499 (2005),82 N.D. L. Rev. 263 (2006).  In sum, the prison officials who are defendants in this action are entitled to qualified immunity because their actions in 2002 and 2003 did not violate clearly established law.[4]

IT IS THEREFORE ORDERED:

1. The findings and recommendations filed February 23, 2007, are adopted in part; the Court accepts the findings and recommendations as to all issues except Watts' Fourteenth Amendment claim that an informal prison policy of classifying inmates by race in response to prison disruption denied him equal protection.  On that claim the Court finds that the Defendants are entitled to qualified immunity and are therefore entitled to summary judgment; and

2. The clerk shall enter judgment dismissing the complaint with prejudice.

Dated: September 28, 2007.

   /s/James K. Singleton, Jr.
James K. Singleton, Jr.
United States District Judge

---

[4] Watts' sole claim is for damages.  He does not seek an injunction.